UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAFAEL COLLAZO,

Plaintiff,

v.                                                                Case No. 25-cv-1691-bhl

WISCONSIN DIVISION OF
COMMUNITY CORRECTIONS and
WISCONSIN DEPARTMENT OF CORRECTIONS,

Defendants.

## DECISION AND ORDER

Plaintiff Rafael Collazo, who is currently in the custody of the Wisconsin Department of Corrections and on active community supervision, is representing himself in this 42 U.S.C. §1983 case. Collazo sued the Wisconsin Division of Community Corrections and the Wisconsin Department of Corrections based on claims that he is being "illegally detained" and that his "due process rights under the Wisconsin Constitution may have been violated." Dkt. No. 1. Defendants filed a motion to dismiss on December 4, 2025. Dkt. No. 5. Collazo did not respond by the December 29, 2025 deadline. Accordingly, the Court assumes that he does not oppose the motion and will decide the motion without his input.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss all or part of an action when the plaintiff fails "to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

The Court has reviewed Defendants' motion and brief in support and concludes that the motion must be granted because the complaint is deficient for the following reasons. First, the Wisconsin Division of Community Corrections and the Wisconsin Department of Corrections (the only entities Collazo names as Defendants) are not suable "persons" within the meaning of §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). And, even if Collazo had sued a proper party, the complaint fails to state a claim because Collazo's legal conclusion that he is being illegally detained based on a sentencing miscalculation is not supported by any factual matter from which the Court can reasonably infer that a state official was deliberately indifferent to his alleged unlawful detention. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.). To the extent that Collazo believes a state official made a mistake in calculating his sentence, that is a matter of negligence and does not rise to the level of a constitutional violation. *See Perrault v. Wisconsin*, No. 15-cv-144-bbc, 2015 WL 5032656, at *3 (W.D. Wis. Aug. 25, 2015) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Accordingly, Collazo's complaint is deficient, and Defendants' motion to dismiss must be granted.

2

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Dkt. No. 5) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 8, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.